# CHARLESTON.

CHARLES H. DRAPER, *Receiver v.* MERCER HARDWARE & FURN. CO. *et al.*

(No. 5915)

Submitted September 14, 1927.   Decided September 20, 1927.

1.  TRIAL—*If Party's Evidence is Insufficient to Sustain Verdict for Him, Court May Direct Verdict Against Him.*

    If the evidence of a party be insufficient to sustain a verdict in his favor, the court may take consideration thereof from the jury and direct a verdict in accordance with the plain preponderance of the evidence.   (p. 148.)

    (Trial, 38 Cyc. pp. 1565, 1567, 1571, 1575.)

2.  APPEAL AND ERROR—*Rulings on Evidence Will Not be Considered on Appeal, Unless Pointed Out as Ground for Setting Aside Verdict, or Saved by Special Bill or Bills of Exception.*

    Points of error based upon the admission or rejection of evidence will not be considered by the appellate court if not pointed out as a ground for setting aside the verdict or saved by a special bill or bills of exception showing the evidence and the ruling of the court.   (p. 148.)

    (Appeal and Error, 3 C. J. § 863; 4 C. J. §§ 1786, 1796.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by Charles H. Draper, receiver of the First National Bank of Matoaka, by notice of motion for judgment, on a

note against the Mercer Hardware & Furniture Company and another.    Judgment for plaintiff, and defendants bring error.
                                                    *Affirmed.*

*Ajax T. Smith* and *Walter G. Burton,* for plaintiffs in error.
*French, Easley & Easley,* for defendant in error.

LIVELY, JUDGE:

The First National Bank of Matoaka was placed in the hands of Charles H. Draper, receiver, plaintiff below, hereinafter called the "Receiver", in March, 1925. The defendant below, Mercer Hardware & Furniture Co., hereinafter called the "Hardware Co." had for some years past kept a checking account with the bank and had made various deposits therein. At the time the Receiver took charge this account showed a balance of $61.67 due the Hardware Company; but several checks issued by the Hardware Company bearing endorsements of the payees, respectively, were found in the bank by the Receiver, which checks had not been charged to the account. These checks were not stamped "Paid" by the bank. The Receiver listed them, together with two other checks found among them issued by the Hardware Company on the Bank of Matoaka (another bank) aggregating $560 (one to Wright Drug Co. for $500, the other to Carter Hardware & Furniture Co. for $60.00), made a statement of the account which thus showed an overdraft of $5,400.90, and demanded payment. The account thus made up together with the checks drawn were presented to defendant A. H. Vest, Treasurer, and in active charge of the Hardware Co. He questioned the correctness of the statement, and on the understanding (as he says) that he would not be precluded from making any defense against the correctness of the account he gave a demand note of the Hardware Company for the $5,400.90 dated June 10, 1925, which he personally endorsed to the Receiver. The Receiver sued on the note by way of notice of motion for judgment to the 1st day of the August 1926 term of court. The Hardware Company and Vest defended, and set up by special plea that the note was without consideration, was fraudulently

obtained, and was given upon the agreement that no suit was to be brought thereon, and that they were not to be precluded by said note from defending any suit by showing that the Hardware Company did not owe the amount named in said note. They also 'filed a set-off to the note, being the balance of $61.67 which was on the ledger of the bank in favor of the Hardware Company at the time the Receiver took charge; and pleaded the general issue. Upon the issues thus raised a verdict of $4,113.60 was returned in favor of the Receiver, and judgment rendered thereon by Special Judge, the Hon. Joseph M. Sanders, now deceased, to which judgment this writ was obtained by the Hardware Company and Vest.

At the conclusion of the evidence defendants offered and were refused an instruction to the effect that if the jury should believe from the evidence that the Hardware Company did not owe the bank anything on the overdraft claimed, and that the note was without consideration and not given in settlement or compromise of the overdraft, then the verdict should be for defendants. The refusal of this instruction is the first error assigned. The checks issued by the Hardware Company and listed were not questioned by defendants except the two checks issued on the Bank of Matoaka for $500.00 and $60.00 above mentioned, which two checks, by another instruction of defendants were directed to be, and were eliminated from the case. These two checks were directed to be and were taken from the amount stated in the note. Defendants questioned the correctness of the account with respect to the deposits made by the Hardware Company claiming that deposits had been made which had not been credited. There were five specific deposits which defendants claimed were not credited. First a deposit of the proceeds of a note for $1,000.00 dated September 29, 1921, at 30 days. The Receiver introduced evidence from the bank's record which showed that this note was not an original note but was a renewal of a note of $2,500.00 or $3,000.00 theretofore given and for which the Hardware Company was credited. However, Vest said it was not a renewal. The jury decided in favor of defendants on that issue, and the Receiver has not

assigned cross-error. Defendants claimed another deposit of $301.50 as of November 18, 1921, and another of $200.00 about June 12, 1923; but upon inspection of the bank's account these two items were found to have been credited. Defendants claimed two other deposits. One of August 1st, 1921, for $629.53 for which the Hardware Company had a duplicate deposit slip made on the deposit blank of the First National Bank of Matoaka, and the other for $600.00 as of the same date, August 1st, 1921, for which they had a like duplicate deposit slip. These duplicate slips were introduced in evidence, and on them Vest based his claim that the Hardware Company had not been credited. He could not say that the money evidenced by these duplicate deposit slips had been actually deposited in the First National Bank of Matoaka. He was called upon to produce his bank book in the Bank of Matoaka where the Hardware Company also kept a checking account, and it appeared therein that the Hardware Company had been credited with a deposit of $627.53 on August 1st, 1921, and with $600.00 on August 3, 1921. The trial of the case not having been completed at the hour of adjournment both Draper and Vest went to the Bank of Matoaka and found the originals of the two deposit slips in its files and the proper credits on its books. The original of the $629.53 deposit clearly showed it had first been made out for that amount, but a correction of addition in the items composing it made it $627.53 instead of $629.53. The $600.00 slip was dated August 1st just the same as the duplicate introduced by Vest, but a stamp on the original showed it had been received at the bank and credited on August 3rd. The evidence was rather conclusive that the two deposits had been made in the Bank of Matoaka on a deposit slip of the First National Bank of Matoaka, and were not therefore a proper credit to the Hardware Company against the note sued on. The court instructed the jury that there were only two questions of fact for its consideration; first, whether there was a final settlement as a result of which the note was given; and second, if it believed there was no final settlement, they should determine whether the

note of $1,000.00 was a renewal note or an original loan, and if a renewal note, then defendant was not entitled to credit therefor, but if an original note, then it should be credited; thus leaving out of the case these two claimed credits of $629.53 and $600.00. The elimination of these two items are assigned as error. As above stated the evidence was almost conclusive that these two deposits were made in the Bank of Matoaka. Vest would not say they were actually made in the First National Bank of Matoaka. He relied upon the duplicate deposit slip. The burden was on defendants to establish the fact of deposit in plaintiff's bank, a burden which they did not carry, and had the jury found in defendants' favor on these items (if it had been submitted to them), the duty of the court would have been to set it aside. The burden of proof was on defendants to show that they were entitled to have these alleged deposits credited. They were standing in the attitude of plaintiffs so far as these alleged credits were concerned. If the evidence is not sufficient to sustain a verdict, then a direction to find for the Receiver would have been proper, on these items had it been asked. *Estep* v. *Price,* 93 W. Va. 81; *Jameson* v. *Ry. Co.,* 97 W. Va. 119, 120; *Hicks* v. *New River etc. Coal Co.,* 95 W. Va. 17. All of the specific items of credit set up by defendants were disposed of by the court. The court held, and properly so, that plaintiff Receiver could not recover on the two checks aggregating $560.00 issued by the Hardware Company on Bank of Matoaka, and that amount was taken from the note. The court held, and properly so, that the deposits of November 18, 1921, of $301.50 and about June 12, 1923, of $200.00, were not proper credits to the Hardware Company, because it was clear that these two deposits had, in fact, been credited. And the court disposed of the claimed credits of $629.53 and $600.00 as above set out.

Another point of error is based on the introduction of evidence relative to these last two mentioned items. As above stated, when court adjourned for the day, the trial not having been completed, the Receiver and Vest went to the Bank of Matoaka and found the originals of the deposit slips introduced by Vest in the case, in that Bank's files, and the sums credited to the Hardware Company on its books. The clerk

in charge refused to allow the Receiver to take the originals for use in the trial. The Cashier was away, and the next morning a proper summons for him to appear as a witness was issued but not served, he being still away. The Receiver was permitted to testify that he and Vest had seen the original deposit slips, the correction in the addition amounting to a difference of $2.00, and that the books of the bank showed the deposit of the monies in that bank. He said that Vest was then satisfied. Defendant objected to the Receiver's testimony, on the ground that the original deposit slips and the bank's record were the best evidence. Vest did not deny the correctness of the Receiver's testimony with regard to what they both found. Appellants argue that the evidence of the Receiver was clearly secondary and should not have been received. Defendant in error asserts that the evidence was admissible under the circumstances. For the purposes of this case it is not necessary to decide whether the evidence was admissible, for its admission was not made a ground for setting aside the verdict, nor was it made the subject of a special bill of exceptions. The point of error can not be considered. *State v. Henderson*, 103 W. Va. 361, 137 S. E. 749.

We now come to the first error heretofore stated, namely, the refusal of the court to give plaintiff's offered instruction No. One to the effect that if they believed that at the time the note sued on was given that there was no overdraft, and that defendant Hardware Company did not owe anything by reason of the claimed overdraft, that the note was without consideration and not given in settlement or compromise of the overdraft, then their verdict should be for defendant. To sustain his plea of the general issue Vest testified that he was of the opinion that he had made deposits for which the Hardware Company had received no credit, and testified with regard to the special items of deposit hereinbefore discussed. He said he kept a passbook but did not always have the deposits entered therein; sometimes he would not retain duplicate deposit slips. He says he would at the end of the month add up his deposits and subtract therefrom his checks issued and thus strike a balance, and inquire of the Cashier

about what balance he had and the replies would approximate the balance which he figured he had. He could produce no figures or documentary evidence. He had been doing business with the bank for five years. This evidence is too vague and uncertain to overcome the records of the bank, and it was incumbent upon the defendants to show by a preponderance of the evidence that he had made deposits for which he had received no credits. If the jury had found a verdict for defendants upon this evidence, it would have been the court's duty to set it aside. As was said by Judge MILLER in *Hicks* v. *New River Coal Co., supra,* "The rule now firmly established by our decisions is that, if the court would be compelled to set aside a verdict in favor of the opposite party, a verdict in accordance with the plain preponderance of the evidence should be directed."

Perceiving no error the judgment is

*Affirmed.*